STARK ROLLING MILL CO. v. OCEAN ACCIDENT & GUARANTY CO.

NECESSITY OF PURSUING OF STATUTORY PROCEDURE.

When, under a given state of facts, Sec. 5293 Rev. Stat., together with Secs. 5289, 5290 and 5101, will afford the same relief as was formerly administered in chancery by a bill of discovery, under the same facts, the provisions of said sections must be pursued.

[Syllabus by the court.]

Rolling Mill Co. v. Accident & Guaranty Co.

**Lynch & Day**, plaintiff in error.

**Shields & Pomerene**, defendant in error.

ERROR to Stark common pleas court.

## CRAINE, J.

The Ocean Accident & Guaranty Company brought an action in the nature of a bill of discovery in the court of common pleas against the Stark Rolling Mill Company, in which it, in substance, alleges that it entered into a contract with the Stark Rolling Mill Company, whereby it agreed to insure the defendant below against liability arising from injury to certain employes of the defendant; that the premium to be paid by the defendant depended upon the amount of wages paid by the defendant to its employes; that the amount of premium, to be paid in advance, was based upon an estimate of the amount of wages to be paid; and that if that estimate was too high, then the plaintiff was to make certain refunder to the defendant, but if the estimate was too low then the defendant was to pay the plaintiff an additional amount; that the provisions of the contract provided that the plaintiff might have an inspection of the books of the defendant for the purpose of determining the amount of wages paid to the defendant's employes; that the plaintiff believed and was informed that the wages paid by the defendant were much higher than had been reported to it by the defendant; that the plaintiff demanded of the defendant an inspection of its books and papers, for the purpose of determining what the wages, that had been paid, were; that the defendant refused to allow the plaintiff to inspect its books; that the plaintiff believed and was informed that the defendant had paid a less amount to its employes than it reported to the plaintiff, and that the plaintiff desired to bring an action against the defendant, but could not do so without an inspection of the books and papers of defendant to determine the amount of wages paid, and asked for a bill of discovery, and that the defendant be compelled to exhibit its books and papers to the plaintiff.

The defendant filed a demurrer to this petition, on the ground that it did not state facts sufficient to constitute a cause of action, claiming that if the plaintiff wanted an inspection of the books and papers of the defendant or a discovery of any facts peculiarly within the knowledge of the defendant, it should have resorted to the provisions of Secs. 5101, 5289, 5290 and 5293 Rev. Stat.

On a hearing of this demurrer, the court of common pleas overruled the same, and the defendant below prosecuted error to this court asking this court to reverse the judgment of the court of common pleas in overruling such demurrer.

Stark County.

Upon the adoption of the code of civil procedure in 1851, the distinction between forms of action at law and in equity was abolished, but the power to grant equitable relief existed thereafter, as well as before, and equity jurisprudence exists in this state the same as it did before the adoption of the code, excepting where it has been changed or modified by the legislature.

Before the adoption of the code, if a party was unable to bring his action at law without the discovery of some facts peculiarly within the knowledge of the defendant, he could file his bill of discovery in a court of equity, setting forth the fact that he had a cause of action, but by reason of some information possessed by the defendant, which he, himself, did not possess, he was unable to file his action at law, and submit certain interrogatories in his bill, which the defendant was required to answer under oath. If the bill was properly brought, the defendant was required to answer these interrogatories under oath, but this was the extent of the relief afforded by a bill of discovery.

A court of equity went no further than requiring the defendant to answer these interrogatories under oath; and the answers, so made by the defendant, could be used in the action at law.

After the adoption of the code of civil procedure, the legislature enacted Sec. 5293 Rev. Stat., which seems to be almost, if not entirely, equivalent to a bill of discovery in equity.

Section 5293 Rev. Stat. undertook to *direct a course of procedure* in all cases where adequate relief could be obtained under it.

In *First Nat. Bank of Cadiz* v. *Beebe*, 62 Ohio St. 41 [56 N. E. Rep. 485], we find the first paragraph of the syllabus reading as follows:

"The purpose of Sec. 5016, Rev. Stat., which permits a defendant before answer, in an action upon contract or for the recovery of personal property, to interpose an affidavit and ask that opposing claimants interplead, was intended as auxiliary to the practice in chancery respecting interpleader, and to direct the practice in the particular classes of cases named, and was not intended to regulate the entire subject of the interpleader."

Interpleader was recognized in courts of equity, but the legislature of the state passed Sec. 5016 Rev. Stat. providing for interpleader, and the Supreme Court in that case held that when the legislature had passed a law upon the subject of interpleader, that statute directed the practice and should be pursued, when the statute gave adequate relief under the facts of the case.

We think Sec. 5293 Rev. Stat. falls within the doctrine announced in *First Nat. Bank of Cadiz* v. *Beebe, supra,* and that if relief can be granted under Secs. 5101, 5289, 5290 and 5293, then their provisions must prevail, and the party seeks his relief in accordance therewith.

If Secs. 5101, 5289, 5290 and 5293 could be ignored, when their provisions control or apply to a particular case, then it would be useless for the legislature to undertake to prescribe a course of procedure.

An analysis of Sec. 5293 Rev. Stat. will show that its provisions apply to just such a case as alleged in the petition. It reads:

"When a person claiming to have a cause of action, or a defense to an action commenced against him, is unable, without a discovery of the facts from the adverse party, to file his petition, or answer, such person may bring his action for discovery, setting forth in his petition the necessity of such discovery, and the grounds thereof, and such interrogatories relating to the subject-matter of the discovery as may be necessary to procure the discovery sought."

Now applying that section to the case at bar. The plaintiff claims to have a cause of action; it claims that it is unable without a discovery of the facts from defendant to file its petition. Now what should it do?

It should do just exactly what the statute provides: file its petition setting forth the necessity and grounds for the discovery, and attach such interrogatories relating to the subject-matter of the discovery, as may be necessary to procure the information sought.

The plaintiff below did all that is required by this section of the statute, except that it did not attach interrogatories. But in failing to attach such interrogatories it ignored the plain provisions of the statute.

It is said, however, that the answers to the interrogatories might not be truthful, and that it was necessary that the plaintiff might see the books in order to ascertain whether or not the answers were true. A bill of discovery in chancery never gave the plaintiff such a right. It simply compelled the defendant to answer the interrogatories under oath,—and that was the extent to which a court of chancery would go. That being true, Sec. 5293 Rev. Stat. gives the same relief as did a bill of discovery in chancery.

1 Pomeroy, Eq. Jurisp. Sec. 82, (new ed.), together with *Chapman* v. *Lee,* 45 Ohio St. 356, 365, 366 [13 N. E. Rep. 736], gives a very clear statement as to the relief afforded by a bill of discovery in chancery, and on page 366 of *Chapman* v. *Lee,* the court says:

"All the aid which a suit for recovery would give is now given by our code in the case at law itself."

Stark County.

In our judgment, Sec. 5293 Rev. Stat. is a substitute for the old bill of discovery in chancery, and the provisions thereof should be followed when applicable.

It is claimed, however, by plaintiff below, that under its contract with the defendant it had a right to an inspection of defendant's books, and a court of equity should enforce that contract. In answer to this, we say that parties, contracting together, cannot by virtue of their contract extend the equity power of the court, nor can they enlarge the statute.

Sections 5101, 5289, 5290 Rev. Stat., afford ample means for obtaining an inspection of the books or papers of an adversary, and should be resorted to rather than applying to a court of equity.

We think these statutes are as broad as the old chancery practice and provide a method of procedure, and that method must be pursued, and in holding otherwise the court of common pleas erred in overruling the demurrer.

The judgment of the court of common pleas will therefore be reversed, at the costs of defendant in error; and this court proceeding to render the judgment that the court of common pleas should have rendered, dismisses the petition of the plaintiff below at its costs.

**Taggart** and **Donahue, JJ.,** concur.